**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| MICHAEL LANE BREWER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-323 (MTT) |
| Warden FREDERICK J. HEAD, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends that Plaintiff Michael Lane Brewer's motion to proceed *in forma pauperis* be denied as barred by 28 U.S.C. § 1915(g)'s "three-strikes provision" and, thus, that his complaint be dismissed. Doc. 12 at 1. In the alternative, the Magistrate Judge recommends dismissing Brewer's claims for failure to disclose his litigation history. *Id.* at 9. Brewer has objected to the Recommendation and filed an affidavit in support of his objection along with a "motion for de novo review." Docs. 13, 14; 15. Pursuant to 28 U.S.C. 636(b) and Fed. R. Civ. P. 72(b)(3), the Court has performed a de novo review of the portions of the Recommendation to which Brewer objects, and the Court accepts the proposed findings, conclusions, and recommendations of the Magistrate Judge.

In his objection and motion for de novo review, Brewer argues he faces a "risk of death" and, therefore, his claim necessarily meets § 1915(g)'s imminent danger exception. Docs. 13 at 1-2; 15 at 1-2. But Brewer has not alleged facts showing that he in fact faces an imminent "risk of death." *See generally* Docs. 1; 13; 15. Rather, he alleges the unsanitary practices of the prison cafeteria put inmates at risk and could

lead to food poisoning or other illnesses. Docs. 1 at 5-7; 13 at 1-2; 15 at 1. These allegations are purely speculative and do not meet the requirements of the imminent danger exception. As for his failure to disclose his litigation history, in the affidavit Brewer filed in support of his objection, Brewer admits he failed to disclose but states that he misunderstood the three-strikes bar, thinking it applied only to those cases within the last seven years, and thus did not disclose cases from more than ten years ago. Doc. 14 at 1-2. But this does not change the fact that Brewer failed to disclose his past litigation history despite clear instructions to do so.

The Magistrate Judge's proposed findings, conclusions, and recommendations are **ADOPTED**, and the Recommendation (Doc. 12) is made the Order of this Court. Brewer's objection (Doc. 13) is **REJECTED**. Brewer's motion for de novo review (Doc. 15), insofar as it merely seeks a review of the Magistrate Judge's recommendation, is **DENIED as moot**, because the Court conducted such a review based on Brewer's original objection, and, to the extent that motion itself serves as an objection, it is **REJECTED**. Brewer's motion to proceed IFP is **DENIED** and, accordingly, his complaint is **DIMISSED without prejudice**.[1] Further, and in the alternative, Brewer's complaint is **DISMISSED without prejudice** as a sanction for failure to disclose his litigation history.

**SO ORDERED**, this the 26th day of March, 2018.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

---

[1] "Under our precedent, when a district court denies a prisoner leave to proceed IFP under the three strikes provision, the proper procedure is for the district court to dismiss the complaint without prejudice." *Mitchell v. Nobles*, 873 f.3d 869, 872 (11th Cir. 2017) (quotation marks omitted) (quoting *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam)).